**NATURE'S PLUS NORDIC A/S, Plaintiff,**

v.

**NATURAL ORGANICS, INC., Defendant.**

No. 09–CV–04256 (ADS)(AKT).

United States District Court, E.D. New York.

Signed Jan. 10, 2015.

Christopher Robert Kinkade, Esq., Gerard P. Norton, Esq., Ernest Edward Badway, Esq., of Counsel, Fox Rothschild LLP, New York, NY, for the Plaintiff.

Kevin Schlosser, Esq., Michael J. Antongiovanni, Esq., of Counsel, Meyer, Suozzi,

*gler v. Cendant Corp.,* 434 F.Supp.2d 119, 127 (E.D.N.Y.2006).

English & Klein, P.C., Garden City, NY, for the Defendant.

## ORDER

SPATT, District Judge.

Familiarity with the factual and procedural history of this case is presumed.

Presently pending before the Court is a motion *in limine* by the Plaintiff Nature's Plus Nordic A/S ("NPN") for an order taking judicial notice of the applicable exchange rate for the Norwegian Krone and U.S. Dollar and for an order precluding the Defendant Natural Organics, Inc. ("NOI") from offering evidence concerning damages based on the present exchange rate rather than the date of the breach, August 6, 2009. The Court previously reserved decision on this motion.

 The Second Circuit has recently noted that "American courts rarely enter judgments in a foreign currency." *Yukos Capital S.A.R.L. v. Samaraneftegaz,* 592 Fed.Appx. 8, 12 (2d Cir.2014). Here, "[i]n a diversity action, the date on which to convert a foreign currency judgment into United States dollars is governed by the law of the forum state." *Cagan v. Gadman,* No. 08–CV–3710 (SJF)(ARL), 2012 WL 5422270, at *6 (E.D.N.Y. Oct. 31, 2012). The law of New York, the forum state, provides that "[i]n any case in which the cause of action is based upon an obligation denominated in a currency other than currency of the United States, a court shall render or enter a judgment or decree in the foreign currency of the underlying obligation. Such judgment or decree shall be converted into currency of the United States at the rate of exchange prevailing on the date of entry of the judgment or decree." N.Y. Judiciary Law § 27(b)(McKinney 1987).

In support of its motion *in limine,* the Plaintiff NPN argues that N.Y. Judiciary Law § 27(b) is inapplicable because the pending cause of action—namely, for breach of contract against NOI—is based upon an obligation denominated in United States currency. Among other considerations, the Plaintiff points to, the fact that the Distribution Agreement requires payments from NPN to NOI in United States dollars and that reports of sales are to be provided in United States dollars.

However, NPN's cause of action is not "based upon" a breach of any of these provisions, but rather is "based upon" a breach of the provision of the Agreement entitled "Duration and Cancellation," which permitted NOI to terminate the Agreement for "breaches [of] any of the terms or conditions" of the Agreement only after providing thirty days "written formal notice" and an opportunity to cure the subject breach "to NOI's satisfaction at that time." Contrary to NPN's contention, its breach of contract claim is not "based upon" the provision of the Agreement proffered by NOI as the basis for the termination—namely, the advertising clause—but on the provision of the Distribution Agreement governing termination procedures.

The Court has not uncovered and the parties fail to cite a case analyzing the relationship between New York Judiciary Law § 27(b) and causes of action based on non-monetary obligations. However, under a plain reading of the statute, Judiciary Law § 27(b) is limited to causes of action "based upon an obligation denominated in a currency other than a currency of the United States." Here, the breach of contract claim is "based upon" the provision of the Distribution Agreement entitled "Duration and Cancellation" and the "obligation" under that provision is not "denominated in a currency other than a currency of the United States." For that matter, that "obligation" on the part of

Defendant NOI is not denominated in any currency, but is rather a performance obligation. Therefore, in the Court's view, Judiciary Law § 27(b) is inapplicable here, but as stated previously, not precisely for the reasons espoused by the Plaintiff NPN.

■ Having concluded that Judiciary Law 27(b) is inapplicable, the Court is left with the general rule that where damages are sustained in a foreign currency, "New York courts apply the 'breach day rule,' whereby the appropriate measure of damages is the equivalent of such foreign currency in terms of dollars, at the rate of exchange prevailing at the date of breach." *Elevator Motors Corp. v. Leistritz Aktiengesellschaft,* No. CV–88–0005, 1990 WL 127596, at *3 (E.D.N.Y. Aug. 21, 1990) (Sifton, J.) (citing *Middle E. Banking Co. v. State St. Bank Int'l,* 821 F.2d 897, 902 (2d Cir.1987)).

■ Here, the Plaintiff NPN, a Norwegian corporation, seeks to recover "lost profits" and "out of pocket damages" allegedly incurred as a result of the Defendant NOI's breach of the distribution agreement. The Court finds that to the extent the evidence shows that NPN suffered any losses in Norwegian Krone, under the "breach day rule," any damages must be calculated by looking to the exchange rate in effect on the date of the breach, August 6, 2009. However, to the extent the evidence shows that NPN suffered any losses in United States dollars, there is no need to perform a conversion.

Therefore, the Court conditionally grants the motion *in limine* (docket no. 261) by the Plaintiff NPN for an order taking judicial notice of the applicable exchange rate for the Norwegian Krone and U.S. Dollar and for an order precluding the Defendant NOI from offering evidence concerning damages based on the present exchange rate rather than the date of the breach.

**SO ORDERED.**